**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ALICIA ANN WILLIAMS,

    Plaintiff,

v.                                   CASE NO. 14-14101

COMMISSIONER OF         DISTRICT JUDGE NANCY G. EDMUNDS
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [25]; ADOPTING THE REPORT AND RECOMMENDATION [24]; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [16]; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [20] AND AFFIRMING THE COMMISSIONER'S DECISION**

This matter is before the Court on Plaintiff's objections to the Magistrate Judge's report and recommendation. (Docket nos. 24, 25, 26.) Having conducted a *de novo* review of the parts of the Magistrate Judge's report and recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth therein and below, the Court denies Plaintiff's objections, adopts the Magistrate Judge's report and recommendation, denies Plaintiff's motion for summary judgment and grants Defendant Commissioner of Social Security's motion for summary judgment, affirming the Commissioner's decision in accordance with 42 U.S.C. § 405(g).

Plaintiff protectively filed for Supplemental Security Income (SSI) on November 7, 2011, alleging a disability onset date of April 11, 1984. (Dkt. no. 11, Transcript 97.) Plaintiff's claim was denied on February 23, 2012. (Tr. 97.) She requested a hearing before an administrative law judge (ALJ), which was held on May 8, 2013. (Tr. 72.) In a decision

dated June 27, 2013, the ALJ determined that Plaintiff had not been disabled within the meaning of the Social Security Act at any time from the November 7, 2011 application date, through the date of the decision. (Tr. 67.)

On August 27, 2014, the appeals council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1-4.) Plaintiff filed with this Court on October 24, 2014. (Dkt. 1.) Plaintiff filed a motion for summary judgment on May 5, 2015. (Dkt. 16.) Defendant filed a motion for summary judgment on July 22, 2015. (Tr. 20.) The Magistrate Judge entered a report and recommendation on March 8, 2016, recommending denying Plaintiff's motion for summary judgment. (Dkt. no. 24.) Plaintiff filed objections to the report and recommendation on March 22, 2016, and Defendant filed its response to the objections on March 24, 2016. (Dkt. nos. 25, 26.)

The Court has reviewed the pleadings, including the ALJ's decision, the record transcript, the Magistrate Judge's report and recommendation and the objections and response. The ALJ's findings, the applicable law and the pertinent portions of the administrative record, including record evidence, are accurately and adequately set forth in the Magistrate Judge's report and recommendation as necessary to the analysis, and the Court adopts them here. (Report and Recommendation, dkt. no. 24.) The Court agrees with the Magistrate Judge.

I.  **Standard of Review**

Where a party has properly objected to a magistrate judge's report and recommendation, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to

the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. "This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "more than a scintilla . . . but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)(quoting *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports another conclusion. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

## II.     Plaintiff's Objections

Plaintiff primarily objects that multiple medical conditions, and their severity, have been overlooked by the ALJ and the Magistrate Judge. Throughout her objections she mentions the following conditions: somatic dysfunction including a fractured hip and a "bad back," anxiety with shortness of breath, bipolar, speech issues including stuttering,

3

nephrolithiasis (which she argues is "impossible to stabilize on top of digestive disorders"), "ANA/lupus/autoimmune" disease, and pineal cysts (in relation to seizures, dizziness). She also objects that due to attention deficit hyperactivity disorder (ADHD) she has poor organizational skills and "distractions," therefore she cannot perform a sorting job. (Dkt. 25.) The Magistrate Judge correctly addressed the ALJ's opinion, including these conditions, and cited specific evidence of symptoms, treatment and diagnoses, and/or the lack thereof.

The ALJ concluded that Plaintiff's bipolar and ADHD, as well as major depressive disorder, were severe impairments pursuant to 20 C.F.R. §§ 416.920 and .920a and engaged in the proper analysis to determine whether or not the severity of Plaintiff's mental impairments met a listing under 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 58-60.) The ALJ cited specific evidence in the record in support of these findings, included related limitations in the residual functional capacity (RFC) finding, and the Magistrate Judge correctly recommended that the ALJ's decision is supported by substantial evidence. (Tr. 58-60, 61-65; Report and Recommendation 3-8, 13, 15.) Similarly, the ALJ considered Plaintiff's low back pain and somatic dysfunction of the pelvis, finding that both were severe impairments, he considered and cited her participation in related physical therapy, and included limitations in the RFC regarding exertional level (light) and allowing for the option to change position between sitting and standing. (Tr. 58, 60-65.) The ALJ considered Plaintiff's reports of anxiety and the medical records noting evidence related to related panic disorder. (Tr. 61, 63.) Contrary to Plaintiff's objection, these impairments were not overlooked.

Despite Plaintiff's argument that the nephrolithiasis causes many symptoms and side effects, that ALJ's finding that this impairment is not severe was supported by substantial

4

evidence, including that her kidney stones were successfully treated. (Tr. 58, 61, 65, 349, 379-80; Report and Recommendation 5, 14-15.) The ALJ addressed Plaintiff's allegations of seizures, pointing out that the information provided by her mother in a "Seizure Questionnaire" was a "lay opinion based on casual observation rather than objective medical and testing." (Tr. 59.) The ALJ cited office notes that from June 2010, which noted a normal EEG, as well as a prior work-up of presyncopal episodes that included an MRI that revealed a stable pineal cyst, while noting Plaintiff's report of dizziness, vertigo and blackouts. (Tr. 61, 62, 283, 296-97, 322, 361.) The record does not contain evidence of a diagnosis of lupus, a brain tumor, or seizures, aside from Plaintiff's self-report of the same. With respect to complaints of presyncopal episodes including dizziness and confusion, she was found to have orthostatic hypotension. (Tr. 361.) As the Magistrate Judge properly points out, the ALJ did not err in omitting lupus and brain tumor or pineal cyst from the severe limitations at Step Two. (Report and Recommendation 14.) Plaintiff appears to object that her speech issue, stuttering, was also overlooked by the ALJ's decision. Plaintiff has applied for SSI in the past and the record contains a prior ALJ decision dated September 28, 2009, arising in part under Title XVI, in which the prior ALJ found that one of Plaintiff's severe impairments was "speech and language delay." (Tr. 103, 105.) In the instant case, the ALJ did not include Plaintiff's speech impairment as a severe impairment.

The Sixth Circuit has held that "[a]bsent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997). Following *Drummond*, the Social Security Administration promulgated Acquiescence Ruling (AR) 98-4(6) to apply *Drummond* in the Sixth Circuit. AR 98-4(6) requires that "[w]hen adjudicating a subsequent disability

5

claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding [a finding of RFC or 'other finding required at a step in the sequential evaluation process'] from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding." AR 98-4(6) (applying to both Title II and Title XVI disability claims).

In a similar situation, the Sixth Circuit recently considered *Drummond* in the context of an ALJ's failure to list a plaintiff's thyroid disease as a severe impairment at step two of the sequential evaluation, when it had been listed as a severe impairment in a prior ALJ decision. *See Kepke v. Comm'r of Soc. Sec.*, 15-1315, __ Fed. Appx. __, 2016 WL 124140 (6th Cir. Jan. 12, 2016). The *Kepke* court found that because the "ALJ found that Kepke has several other severe impairments", Kepke "cleared step two of the sequential analysis, requiring the ALJ to consider all of Kepke's impairments (severe and non-severe) in the remaining steps." *Id.* at *9 (citing *Anthony v. Astrue*, 266 Fed. Appx. 451, 457 (6th Cir. 2008)). Like *Kepke*, the ALJ found other severe impairments. Also, like *Kepke*, the ALJ's decision shows that he considered Plaintiff's speech impairment when he relied on the opinion of doctors who had considered it. *See id.* (Tr. 117, 121.) For example, Dr. Shah considered Plaintiff's speech impairment and the ALJ considered and addressed Dr. Shah's opinion. (Tr. 63, 429.) The ALJ did not err by failing to list Plaintiff's stuttering as a severe impairment.

Plaintiff also appears to object that there is new evidence to consider, namely, Dr. Godoy's report. (Dkt. no. 25.) The Magistrate Judge correctly considered the issue of whether the case should be remanded pursuant to sentence six of 42 U.S.C. 405(g) for the consideration of new evidence that was not before the ALJ. The Magistrate Judge correctly applied the law to his consideration of Dr. Godoy's October 14, 2013 opinion, as well. (Tr. 691; Report and Recommendation 18.) In addition to those reasons for which the Magistrate Judge found there were not grounds to remand, the Court further notes that the opinion is not material in that it simply opines that Plaintiff "can not work in this condition." Dispositive administrative findings relating to the determination of a disability and Plaintiff's RFC are issues reserved to the Commissioner. *See* 20 C.F.R. § 416.927(d). The ALJ "is not required to accept a treating physician's conclusory opinion on the ultimate issue of disability." *Maple v. Apfel*, 14 Fed. Appx. 525, 536 (6th Cir. 2001). Because such an opinion on the ultimate finding of disability is reserved to the Commissioner, there is not a reasonable probability that the ALJ would have reached a differed disposition if presented with the new evidence," noting, as the Magistrate Judge noted, that there is also no indication that the opinion related to the relevant time period before the ALJ.

"The substantial evidence standard presupposes that there is a 'zone of choice' within which the [Commissioner] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994)(citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)(citations omitted)). The ALJ properly considered the evidence of record, explained his decision, and the ALJ's decision was supported by substantial evidence in the record. The Court does not find error in the Magistrate Judge's report and recommendation and adopts it.

## III.  Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's Objections (dkt. no. 25), ADOPTS the Magistrate Judge's Report and Recommendation (dkt. no. 24), DENIES Plaintiff's Motion for Summary Judgment (dkt. no. 16), GRANTS Defendant's Motion for Summary Judgment (dkt. no. 20) and AFFIRMS the decision of the Commissioner pursuant to 42 U.S.C. § 405(g).

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  March 29, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2016, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager